# 2000 DTA 96

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL II - BAYAMON
PANEL I**

PONCEBANK
Demandante-Recurrido

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Demandado-Peticionario

Núm. KLCE-99-00712

San Juan, Puerto Rico, a 26 de enero de 2000

 .

Panel integrado por su Presidente, el Juez Sánchez Martínez,
la Jueza Ramos Buonomo y la Jueza Cotto Vives

Cotto Vives, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario, Estado Libre Asociado de Puerto Rico, solicita la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 4 de junio de 1999. Mediante la referida resolución, se ordenó el archivo administrativo de un caso de impugnación de confiscación presentado por la parte recurrida, Poncebank, hasta que el Sr. José L. Molina Matos, terminara su participación en un programa de desvío al que fue referido por el Tribunal de Primera Instancia, en el caso criminal relacionado con una infracción a la Ley de Violencia Doméstica, -por cuya consecuencia fue confiscado el vehículo en cuestión- en el cual el Sr. Molina Matos hizo alegación de culpabilidad.

Inconforme con lo resuelto por el tribunal *a quo*, el Estado Libre Asociado de Puerto Rico recurre ante nos alegando que erró dicho Tribunal al ordenar el archivo administrativo del caso de impugnación de confiscación, hasta tanto el señor Molina Matos termine su participación en el mencionado proceso de desvío y resolver que

su determinación final en el caso de confiscación dependerá de un hecho incierto (la culminación y cumplimiento por parte del señor Molina Matos del proceso de desvío) sin entrar a considerar los méritos del asunto planteado.

Por los fundamentos que pasamos a exponer, expedimos el recurso de *certiorari* y revocamos la resolución recurrida.

## I

El 5 de julio de 1997 se presentaron varias denuncias contra el Sr. José L. Molina Matos por violación a los Arts. 3.2 y 3.5 de la Ley 54 del 15 de agosto de 1989, 8 L.P.R.A. secs. 632 y 635, conocida como la Ley para la Prevención e Intervención con la Violencia Doméstica. Al Sr. Molina Matos se le imputó haber agredido a la Sra. Denisse Carrasquillo Rivera, con quien había procreado un hijo, y haberla obligado a sostener relaciones sexuales con él dentro del automóvil de su propiedad marca Mitsubishi Mirage 1996, tablilla CC0352.

Como consecuencia de lo anterior, el 7 de julio de 1997, el Secretario de Justicia ordenó la confiscación del automóvil y el día 9 de ese mes le solicitó al Instituto de Ciencias Forenses que realizara un análisis del asiento delantero del vehículo.

Dicha confiscación le fue notificada a la parte recurrida, Poncebank, el 22 de julio de 1997. Además, se le informó la cantidad por la cual fue tasado dicho vehículo, la fecha en que se ocupó el mismo, en relación a qué delito y el término para impugnar la confiscación. El 1 de agosto de 1997, Poncebank presentó ante el Tribunal recurrido una demanda sobre impugnación de confiscación. Luego de varios trámites procesales, Poncebank presentó una moción de sentencia sumaria mediante la cual solicitó que se declarara con lugar la acción de impugnación de confiscación por ésta no haber sido notificada a tiempo, según lo dispone la Ley Uniforme de Confiscaciones de 1988, Ley 93 del 13 de julio de 1988, 34 L.P.R.A. Sec. 1723b.

La parte peticionaria, Estado Libre Asociado, presentó una moción en oposición a la solicitud de sentencia sumaria y, a su vez, solicitó se dictara sentencia sumaria a su favor. Adujo para ello que la notificación se había efectuado dentro de los términos dispuestos en la referida Ley Uniforme de Confiscaciones, *supra*, así como también que había quedado demostrado el nexo entre la conducta delictiva y el vehículo ocupado.

Mediante resolución del 25 de febrero de 1999, el Tribunal *a quo* declaró sin lugar la moción de sentencia sumaria presentada por la parte recurrida, Poncebank, por entender que la confiscación fue notificada conforme a derecho.

De otra parte, según surge de los autos, el Sr. Molina Matos acordó con la Fiscalía declararse culpable en los dos cargos de maltrato agravado que pesaban sobre él a cambio de una sentencia de cuatro años y que fuera referido para el programa de desvío Alternativas Psicoeducativas.

En una vista celebrada el 25 de mayo de 1999, el Tribunal de Primera Instancia ordenó en corte abierta el archivo administrativo del caso de confiscación hasta que el imputado, Sr. José L. Molina Matos, terminara el proceso de desvío al cual fue referido por el tribunal. En adición, el tribunal recurrido ordenó que, del imputado completar el tratamiento, se ordenaría la devolución del vehículo Mitsubishi en cuestión o la suma de la tasación, a saber, ocho mil dólares ($8,000.00) más intereses.

De ésta acude ante nos el Estado Libre Asociado mediante el presente recurso. En éste alegó que erró el Tribunal de Primera Instancia al ordenar el archivo administrativo del caso, hasta tanto se termine el proceso de desvío y al resolver que la determinación final en el caso dependerá de un hecho incierto sin entrar a considerar los méritos de la controversia. ■

## II

El Art. 2 de la Ley Uniforme de Confiscaciones de 1988, Ley 93 del 13 de julio de 1988, *supra*, establece en lo pertinente:

*"Toda propiedad que sea utilizada en relación a la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones, así como en otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada en favor del Estado Libre Asociado de Puerto Rico."*

34 L.P.R.A. sec. 1723.

El citado artículo faculta al Estado a ocupar propiedad que haya sido utilizada para fines ilegales. Según señala la Exposición de motivos de la Ley, *"[l]a confiscación de los bienes que propician la comisión de un delito puede ser un elemento disuasivo para el delincuente que por temor a exponerse al peligro de perder su propiedad, limita su actividad delictiva o no le resulta tan fácil su realización. Además, es de justicia que la sociedad que ha sido perjudicada por las acciones delictivas pueda obtener algún beneficio mediante la confiscación de la propiedad utilizada en la comisión de un delito y se detenga su uso para futuras actuaciones delictivas."*

En el ámbito local se ha establecido que *"[l]os elementos pertinentes a la determinación de si procede una confiscación civil son los de si existe prueba suficiente y preponderante de que se ha cometido un delito y de que existe un nexo entre la comisión del delito y la propiedad confiscada."* Del Toro Lugo v. E.L.A, 136 D.P.R. ___ (1994), **94 J.T.S. 119.**

Con respecto a los efectos en la acción de confiscación del juicio criminal, *"[l]a norma general vigente en esta jurisdicción es a los efectos de que sólo constituirán un impedimento a la acción de confiscación aquellas determinaciones judiciales en un Juicio Plenario que inevitablemente adjudiquen en sus méritos los hechos esenciales de la acción confiscatoria".* Del Toro Lugo v. E.L.A., supra; Carlo v. Srio. de Justicia, 107 D.P.R. 356 (1978).

No obstante, el Tribunal Supremo de Puerto Rico estableció en *Del Toro Lugo v. E.L.A., supra,* que para propósitos de una confiscación, la determinación de no causa de la vista preliminar tiene el mismo efecto que la absolución en los méritos de un acusado, dueño del vehículo, cuando esa determinación adviene final y firme por el Ministerio Público no solicitar la celebración de la vista preliminar en alzada.

De manera que sólo la absolución en los méritos de un acusado impide la acción de confiscación, ya que esto adjudica con finalidad irrevisable el hecho central, tanto del caso criminal como del caso civil sobre impugnación de confiscación. De igual forma, la doctrina de impedimento colateral por sentencia exige la desestimación de la acción de confiscación si al resolverse el caso criminal, aun cuando tenga por objeto un delito distinto, se adjudicaron y determinaron hechos necesariamente decisivos para la acción de confiscación. *Carlo v. Srio. de Justicia, supra.*

En el caso que nos ocupa, al Sr. Molina Matos se le sometió a un programa de desvío, luego de hacer alegación de culpabilidad por los cargos de maltrato agravado que pesaban en su contra. Dicha sentencia fue producto del proceso de alegaciones pre-acordadas entre el acusado y el Fiscal. No se trata aquí de una absolución en los méritos en juicio ni de una determinación de no causa probable, en vista preliminar, por lo que no existe impedimento a la acción de confiscación. Erró el Tribunal de Primera Instancia al posponer la determinación final del caso de autos hasta que el Sr. Molina Matos cumpla con el programa de desvío. Este programa de desvío es una alternativa que dispone la Ley 54, *supra,* para personas que incurren en conducta maltratante en la relación de pareja, Art. 3.6, 8 L.P.R.A. sec. 636, mediante la cual el imputado reconoce su responsabilidad y de hecho se declara culpable, quedando solamente en suspenso la imposición de sentencia, hasta tanto se determine si cumplió o no con el programa de desvío. El juez puede permitir la participación del acusado en este programa como una alternativa a la pena de cárcel, pero no conlleva, en forma alguna, la absolución en los méritos de un acusado de

cualquiera de los delitos tipificados en la Ley.

Si el Sr. Molina Matos culmina su participación en el programa de desvío con resultados positivos y, como consecuencia de ello, el Tribunal de Primera Instancia decreta el archivo del caso a todos los efectos legales pertinentes, ello no significa que haya sido declarado *"inocente"* o absuelto del delito que se le imputó. Dicho de otro modo, no hay duda de la culpabilidad del Sr. Molina Matos, ya que el referido al programa de tratamiento fue consecuencia de su alegación de culpabilidad. En consecuencia, el posterior archivo del caso es un remedio que provee la ley como incentivo a los imputados de este tipo de delito a reformar su conducta. De manera que el sólo hecho de que del expediente criminal del imputado no se desprenda el delito cometido, no es óbice para entender que ha habido una absolución.

Por último, en *General Accident Ins. Co. v. E.L.A.,* 137 D.P.R. ___ (1994), **94 J.T.S. 140,** el Tribunal Supremo determinó que:

*"Aunque reconocemos que entidades financieras como las recurridas, y sus compañías aseguradoras, son terceros con intereses ajenos a los hechos que motivaron la confiscación de los vehículos, venimos obligados a darle curso a la determinación del Estado de confiscar los vehículos que están siendo utilizados par actividades criminales. Sostener la interpretación de tercero inocente adoptada por los tribunales de instancia y anular las confiscaciones realizadas en los casos ante nos, debilitaría gravemente el mecanismo de la confiscación y burlaría el propósito del estatuto confiscatorio, privando al Estado del poder de penalizar el uso de tales vehículos, cuando éstos son utilizados como instrumentos del crimen."*

En consecuencia, procede dictar sentencia a favor del Estado Libre Asociado de Puerto Rico en vista de que en el caso de epígrafe se cumplen los requisitos exigidos por la Ley Uniforme de Confiscaciones, *supra*, para ocupar y confiscar propiedad que ha sido utilizada en la comisión de un delito y no concurren las circunstancias establecidas por nuestra jurisprudencia que impidan la acción de confiscación.

### III

Por los fundamentos expuestos anteriormente, se revoca la resolución recurrida.

Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General